UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOE HOUSTON, Individually,

      Plaintiff,

vs.

      Case No.

BB&T BANK (BRANCH BANKING AND
TRUST COMPANY), a Foreign Corporation,

      Defendant(s).
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, JOE HOUSTON, Individually, and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, BB&T BANK (Branch Banking And Trust Company), a Foreign Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Joe Houston, is an individual residing in Pompano Beach, FL, in the County of Broward.

2. Defendant's properties, BB&T BANK (Branch Banking And Trust Company), are located in the County of Miami Dade and Broward County at:

| | | |
|---|---|---|
| BB&T Bank<br>300 Sample Road<br>Pompano Beach, FL | BB&T Bank<br>1834 W Hillsborough<br>Deerfield Beach, FL | BB&T Bank<br>12255 NE 16th Ave<br>North Miami, FL |
| BB&T Bank<br>1771 NW 40th Ave<br>Lauderhill, FL | BB&T Bank<br>5600 N University Dr.<br>Tamarac, FL | |

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's properties are located in and do business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Joe Houston is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Houston is a quadriplegic and uses a wheelchair to ambulate. Joe Houston has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at this property. The Plaintiff has personally encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as BB&T Bank, and are located at:

| BB&T Bank | BB&T Bank | BB&T Bank |
|---|---|---|
| 300 Sample Road | 1834 W Hillsborough | 12255 NE 16th Ave |
| Pompano Beach, FL | Deerfield Beach, FL | North Miami, FL |
| BB&T Bank | BB&T Bank | |
| 1771 NW 40th Ave | 5600 N University Dr. | |
| Lauderhill, FL | Tamarac, FL | |

7. JOE HOUSTON has a realistic, credible, existing and continuing threat of discrimination

from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Joe Houston desires to visit BB&T Bank not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of BB&T Bank has shown that violations exist. These violations that Mr. Houston personally encountered include, but are not limited to:

   I. **Parking and Exterior Accessible Route – 300 Sample Road**

   a) Parking at BB&T Bank is not maintained nor located on a compliant accessible route, violating Sections 502 and 502.4 of the 2010 ADAS. Conditions prevent Joe Houston and those in wheelchairs to access BB&T Bank freely and safely.

   b) Curb ramps and ramps at BB&T Bank contain changes of level or slopes/cross slopes beyond limits or lack required edge protection and handrails, violating Sections 406 and 502.7 of the 2010 Accessibility Standards. These conditions can cause damage to Joe Houston's wheelchair and are a safety hazard.

c) Exterior routes at BB&T Bank contain excessive slopes/cross slopes or abrupt changes of level to enter the building, violating Sections 402, 403 and 404 of the 2010 ADAS. These conditions can cause wheelchair tip overs and are a safety hazard to Mr. Houston.

d) BB&T Bank fails to provide a safe accessible route for Mr. Houston to access the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. This is a common feature at BB&T Banks.

**Access to Goods and Services**

e) Entering BB&T Bank is impeded by slopes and abrupt changes of level beyond limits, violating 2010 ADAS Section 404. Mr. Houston requires assistance to enter. These conditions made it difficult for Plaintiff to traverse through the property.

f) Counters and writing surfaces at BB&T Bank are inaccessible or mounted beyond the reach of Joe Houston and others in wheelchairs, violating Sections 308 and 901, 904 of the 2010 Accessibility Standards. This is a common feature at BB&T Banks. Mr. Houston requires assistance at counters or writing surfaces. Mr. Houston was embarrassed due to inaccessible BB&T Bank Counters.

g) Water fountain provided at the bank is inaccessible to Mr. Houston violating Section 602 of the 2010 ADAS. These conditions made it difficult for Plaintiff to access the water fountain.

**Restrooms**

h) Restrooms at 300 Sample Road fails to provide required grab bars and has improper door hardware. The mirror, toilet paper, soap and towel dispensers violate required height and approach space standards in Sections 305 and 308. The restroom lacks transfer and maneuvering space required in 404 and 604 of the 2010 ADAS, preventing use by Mr. Houston.

II. **Parking and Exterior Accessible Route -   1771 NW 40TH Avenue**

i) Parking at BB&T Bank is not maintained nor located on a compliant accessible route, violating Sections 502 and 502.4 of the 2010 ADAS. These conditions prevent Joe Houston and those in wheelchairs to access BB&T Bank freely and safely.

j) Curb ramps and ramps at BB&T Bank contain changes of level or slopes/cross slopes beyond limits or lack required edge protection and handrails, violating Sections 406 and 502.7 of the 2010 Accessibility Standards. These conditions can cause damage to Joe Houston's wheelchair and are a safety hazard.

k) Exterior routes at BB&T Bank contain excessive slopes/cross slopes or abrupt changes of level to enter the building, violating Sections 402, 403 and 404 of the 2010 ADAS. These conditions can cause wheelchair tip overs and are a safety hazard to Mr. Houston.

l) BB&T Bank fails to provide a safe accessible route, by Mr. Houston to access the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. This is a common feature at BB&T Banks.

### Access to Goods and Services

m) Entering BB&T Bank is impeded by slopes and abrupt changes of level beyond limits, violating 2010 ADAS Section 404. These conditions made it difficult for Plaintiff to traverse through the property.

n) Counters and writing surfaces at BB&T Bank are inaccessible or mounted beyond the reach of Joe Houston and others in wheelchairs, violating Sections 308 and 901, 904 of the 2010 Accessibility Standards. This is a common feature at BB&T Banks. Mr. Houston requires assistance at counters or writing surfaces. Mr. Houston was embarrassed due to inaccessible BB&T Bank Counters.

o) The water fountain provided at the bank is inaccessible to Mr. Houston violating Section 602 of the 2010 ADAS. This condition made it difficult for Plaintiff to access the water fountain.

### III. Parking and Exterior Accessible Route – 1834 W Hillsborough

p) Parking at BB&T Bank is not maintained nor located on a compliant accessible route, violating Sections 502 and 502.4 of the 2010 Accessibility Standards. These conditions prevent Mr. Houston and wheelchair users accessing BB&T Bank freely and safely.

q) Curb ramps and ramps at BB&T Bank contain changes of level or slopes/cross slopes beyond limits or lack required edge protection and handrails, violating Sections 406 and 502.7 of the 2010 Accessibility Standards. These conditions can cause damage to Joe Houston's wheelchair and are a safety hazard.

r) Exterior routes at BB&T Bank contain excessive slopes/cross slopes or abrupt changes of level to enter the building, violating Sections 402, 403 and 404 of the 2010 ADAS. These conditions cause wheelchair tip overs and are a safety hazard to Mr. Houston.

s) BB&T Banks fail to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. This is a common feature at BB&T Banks.

### Access to Goods and Services

t) Entering BB&T Bank is impeded by slopes and abrupt changes of level beyond limits, violating 2010 ADAS Section 404. These conditions made it difficult for Plaintiff to traverse through the property.

u) Counters and writing surfaces at BB&T Bank are inaccessible or mounted beyond the reach of Joe Houston and others in wheelchairs, violating Sections 308 and 901, 904 of the 2010 Accessibility Standards. This is a common feature at BB&T Banks. Mr. Houston requires assistance at counters or writing surfaces. Mr. Houston was embarrassed due to inaccessible BB&T Bank Counters.

v) The water fountain provided at the bank is inaccessible to Mr. Houston violating Section 602 of the 2010 ADAS. These conditions made it difficult for Plaintiff to access the water fountain.

### Restrooms

w) At 1834 W Hillsboro, the restroom water closet lacks compliant transfer space, centerline and grab bars in Sections 602 and 604 of the 2010 Accessibility Standards. These conditions made it difficult for Plaintiff to transfer in the restroom.

x) The door violates required maneuvering space, lavatory lacks insulation and dispensers violate reach, approach and use in Sections 305, 307, 308 and 404 of the 2010 ADAS. These conditions made it difficult for Plaintiff to use the restroom.

### IV. Parking and Exterior Accessible Route – 5600 N University Drive

y) Parking at BB&T Bank is not maintained nor located on the nearest compliant accessible route, violating Sections 502 and 502.4 of the 2010 ADAS. These conditions prevent Joe Houston and those in wheelchairs to access BB&T Bank freely and safely.

z) Curb ramps and ramps at BB&T Bank contain changes of level or slopes/cross slopes beyond limits or lack required edge protection and handrails, violating Sections 406 and 502.7 of the 2010 Accessibility Standards. These conditions can cause damage to Joe Houston's wheelchair and are a safety hazard.

aa) Exterior routes at BB&T Bank contain excessive slopes/cross slopes or abrupt changes of level to enter the building, violating Sections 402, 403 and 404 of the 2010 ADAS. These conditions can cause wheelchair tip overs and are a safety hazard to Mr. Houston.

bb) BB&T Bank fails to provide a safe accessible route for Mr. Houston to access the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. This is a common feature at BB&T Banks.

### Access to Goods and Services

cc) Entering BB&T Bank is impeded by slopes and abrupt changes of level beyond limits, violating 2010 ADAS Section 404.  These conditions made it difficult for Plaintiff to traverse through the property.

dd) Counters and writing surfaces at BB&T Bank are inaccessible or mounted beyond the reach of Joe Houston and others in wheelchairs, violating Sections 308 and 901, 904 of the 2010 Accessibility Standards. This is a common feature at BB&T Banks. Mr. Houston requires assistance at counters or writing surfaces.  Mr. Houston was embarrassed due to inaccessible BB&T Bank Counters.

### Restrooms

ee) At 5600 University, the restroom door violates required maneuvering space and the dispensers violate reach, approach and use standards in Sections 305, 307, 308 and 404 of the 2010 Accessibility Standards.  These conditions made it difficult for Plaintiff to enter and exit the restroom.

ff) The urinal is inaccessible and the water closet lacks compliant centerline and grab bars violate standards in Sections 602 and 604 of the 2010 ADAS.  These conditions made it difficult for Plaintiff to use these facilities without assistance.

### V.   Parking and Exterior Accessible Route – 12255 NE 16th Avenue

gg) Parking at BB&T Bank does not have the required aisle and is located on a slope. It is not on a compliant accessible route, violating Sections 502 and 502.4 of the 2010 ADAS. Conditions prevent Joe Houston and those in wheelchairs to access BB&T Bank freely and safely.

hh) Curb ramps and ramps at BB&T Bank contain changes of level or slopes/cross slopes beyond limits or lack required edge protection and handrails, violating Sections 406 and 502.7 of the 2010 Accessibility Standards.  These conditions can cause damage to Joe Houston's wheelchair and are a safety hazard.

ii) Exterior routes at BB&T Bank contain excessive slopes/cross slopes or abrupt changes of level to enter the building, violating Sections 402, 403 and 404 of the 2010 ADAS. Condition causes wheelchair tip overs and are a safety hazard to Mr. Houston.

jj) BB&T Bank fails to provide a safe accessible route for Mr. Houston to access the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. This is a common feature at BB&T Banks.

### Access to Goods and Services

kk) Entering BB&T Bank is impeded by slopes and abrupt changes of level beyond limits, violating 2010 ADAS Section 404.  Mr. Houston requires assistance to enter.

ll) Counters and writing surfaces at BB&T Bank are inaccessible or mounted beyond the reach of Joe Houston and others in wheelchairs, violating Sections 308 and 901, 904 of the 2010 Accessibility Standards. This is a common feature at BB&T Banks. Mr. Houston requires assistance at counters or writing surfaces.  Mr. Houston was embarrassed due to inaccessible BB&T Bank Counters.

mm)     The water fountain provided at the bank is inaccessible to Mr. Houston violating Section 602 of the 2010 ADAS.  These conditions made it difficult for Plaintiff to access the water fountain without assistance.

### Maintenance

nn) The accessible features of all of the above named facilities are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR 36.211.

11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility

      must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter BB&T Bank to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

  b.  Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise

      treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: 9/24/19

Respectfully Submitted,

/s/ John P. Fuller

John P. Fuller, Esq. (FBN: 276847)
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
E-mail: jpf@fullerfuller.com

Counsel for Plaintiff Joe Houston